Matter of DiGennaro v Greece Cent. Sch. Dist. (2020 NY Slip Op 03156)





Matter of DiGennaro v Greece Cent. Sch. Dist.


2020 NY Slip Op 03156


Decided on June 4, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 4, 2020

528298

[*1]In the Matter of the Claim of Carmela A. DiGennaro, Respondent,
v
Greece Central School District et al., Appellants. Workers' Compensation Board, Respondent.

Calendar Date: May 18, 2020

Before: Garry, P.J., Clark, Aarons, Pritzker and Colangelo, JJ.


Nicosia Law, PC, Rochester (Edward G. Nicosia of counsel), for appellants.
Bronk & Somers PC, Rochester (Daniel A. Bronk of counsel), for Carmela A. DiGennaro, respondent.
Letitia James, Attorney General, New York City (Steven Segall of counsel), for Workers' Compensation Board, respondent.



Clark, J.
Appeal from a decision of the Workers' Compensation Board, filed July 23, 2018, which ruled that claimant sustained a causally-related occupational disease of the neck and right shoulder.
In 2012, claimant began working as a school bus driver and later as a trainer/safety coordinator, but continued to drive buses when needed. Her duties required a significant amount of physical effort, particularly in steering the buses, repeatedly opening and closing the door, and operating the parking brake. In 2016, claimant sought chiropractic treatment for problems that she was experiencing with her neck and right shoulder. Her symptoms eventually subsided, but returned in January 2017. At that time, she sought further chiropractic treatment and was diagnosed with, among other things, a cervical sprain and sprain of the right shoulder joint. She continued with chiropractic treatment in the months that followed. On April 11, 2017, claimant was terminated from her employment. On April 26, 2017, she filed a claim for workers' compensation benefits for injuries to her neck and right shoulder caused by repetitive driving.
The employer controverted the claim and, following extended proceedings, a Workers' Compensation Law Judge (hereinafter WCLJ) ruled that claimant had an established claim for an occupational disease of the neck and right shoulder. The employer sought review of this decision by the Workers' Compensation Board. The Board affirmed the WCLJ's decision, and this appeal by the employer and its workers' compensation carrier (hereinafter collectively referred to as the employer) ensued.
The employer contends that the Board's decision upholding the WCLJ's finding that claimant sustained an occupational disease of the neck and the right shoulder is not supported by the evidence. Rather, the employer asserts that claimant filed the claim as an afterthought, in response to being terminated from her position. "To be entitled to workers' compensation benefits for an occupational disease, a claimant must establish a recognizable link between his or her condition and a distinctive feature of his or her occupation through the submission of competent medical evidence" (Matter of Corina-Chernosky v Dormitory Auth. of State of N.Y., 157 AD3d 1067, 1068 [2018] [internal quotation marks, ellipses and citations omitted]; see Workers' Compensation Law § 2 [15]; Matter of Garcia v MCI Interiors, Inc., 158 AD3d 907, 908 [2018]). This is a factual determination for the Board, and its decision will be upheld if supported by substantial evidence (see Matter of Scott v Bimbo Bakeries USA, Inc., 171 AD3d 1421, 1422 [2019]; Matter of Glowcyznski v Suburban Restoration Co., Inc., 174 AD3d 1236, 1237 [2019]). Based upon our review of the record, we conclude that substantial evidence supports the Board's determination.
Claimant testified that, in April 2017, after undergoing chiropractic treatment for recurring neck and right shoulder pain, she went to her regular orthopedist, Elias Nicolas, for treatment for carpal tunnel syndrome. She stated that, during that visit, she mentioned that she was also having problems with her neck and back. According to claimant, Nicolas told her that her injuries sounded like they were work-related and advised her to see him again after she filed a workers' compensation claim. Claimant saw Nicolas again in May 2017, after she filed her claim, at which time he noted in his records that she complained of right shoulder and neck pain, and diagnosed her with right shoulder rotator cuff tendonitis that he found was causally related to her work. Claimant stated that in addition to Nicolas, she told a certain employee about her neck and back pain, well before she filed her claim. Although she apparently did not file an injury report, her testimony was corroborated by this employee, as well as by another employee to whom she had voiced complaints of neck and shoulder pain.
Jeffrey Falling, claimant's treating chiropractor, testified that he treated claimant in March 2017, at which time she related that driving the bus was aggravating her upper back and neck because she was bouncing in the seat for extended periods of time. He opined that her injuries were causally related to her driving activities at work. He noted that, although claimant had treated with another chiropractor in his practice starting in January 2017, that chiropractor did not keep detailed records of claimant's medical history. However, from these records it is evident that claimant resumed chiropractic treatment in January 2017 because she suffered a recurrence of pain in her right shoulder and neck. Furthermore, the medical reports prepared by the neurosurgeon and orthopedist who treated claimant in August and September 2017 indicate that her neck and right shoulder problems were causally related to years of driving a school bus.
Contrary to the employer's claim, there is no indication that the medical opinions of the physicians who treated claimant were based upon false medical histories. Additionally, the employer did not obtain its own independent medical examination to contradict these medical opinions. Moreover, although the employer maintains that claimant's testimony was not credible, the Board is vested with the authority to resolve issues of credibility (see Matter of Garcia v MCI Interiors, Inc., 173 AD3d at 1576; Matter of Corina-Chernosky v Dormitory Auth. of State of N.Y., 157 AD3d at 1069). The record here contains ample evidence establishing that claimant complained of neck and right shoulder pain well before she filed her claim (see Matter of Scott v Bimbo Bakeries USA, Inc., 171 AD3d at 1423). Therefore, we find no reason to disturb the Board's decision.
Garry, P.J., Aarons, Pritzker and Colangelo, JJ., concur.
ORDERED that the decision is affirmed, without costs.